IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. PEDRO ALBERTO HERNANDEZ, Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION IN LIMINE** <br><br> Case No. 2:18-cr-00120-DN <br><br> District Judge David Nuffer |

Defendant Pedro Alberto Hernandez filed a motion in limine ("Motion")[1] to exclude aspects of the testimony of Brad Cox, Ryan Bauer, and Cole Douglas. For each of the following reasons, the Motion will be DENIED without prejudice.

1. Hernandez seeks to preclude Cox from testifying about "the business of trafficking in methamphetamine" because, according to Hernandez, this "is not relevant to any factual issue in the case."[2] "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."[3] Because Cox's specialized knowledge regarding the business of trafficking in methamphetamine may help jurors understand the facts in this case,[4] his testimony will not be excluded on this basis at this time.

---

[1] Motion in Limine to Exclude Expert and Lay Testimony ("Motion"), docket no. 67, filed April 26, 2019; *see* Response to Defendant's Motion in Limine to Exclude Improper Expert and Lay Testimony ("Response"), docket no. 68, filed May 3, 2019.

[2] Motion, *supra* note 1, at 4.

[3] FED. R. EVID. 401.

[4] *See United States v. Figueroa-Lopez,* 125 F.3d 1241, 1244 (9th Cir. 1997) (recognizing that expert testimony may properly be admitted "to inform the jury of the techniques employed by drug dealers in their illegal trade" because "an ordinary juror would most probably be unfamiliar" with such techniques).

2. Hernandez cites to *United States v. Robinson*[5] for the proposition that Cox's testimony about the business of trafficking in methamphetamine is "substantive evidence of guilt" that should be excluded under Fed. R. Evid. 403.[6] Instead of supporting Hernandez's position, *Robinson* acknowledges that an expert may testify regarding "alleged profile characteristics" to help jurors understand the facts and the basis of the expert's conclusions.[7] While it is true that "[c]ourts have condemned the use of profiles as substantive evidence of guilt," "[r]ather than . . . classify[] evidence into categories of profile or non-profile, . . . the better approach is to . . . examin[e] the applicable rules of evidence" to determine the admissibility of specific evidence.[8] Under Fed. R. Evid. 702, specialized knowledge is admissible "if it will assist the trier of fact in understanding the evidence."[9] Because Cox's specialized knowledge regarding the business of trafficking in methamphetamine may help jurors understand the facts in this case, his testimony will not be excluded on this basis at this time.

3. Hernandez argues that "there is no indication of any *need* for expert assistance" regarding drug trafficking "terminology."[10] But the admissibility of expert testimony is not dependent on its necessity. It is dependent on its helpfulness.[11] Because Cox's specialized knowledge regarding drug-trade terminology may help jurors understand the facts in this case, his testimony will not be excluded on this basis at this time.

---

[5] *United States v. Robinson*, 978 F.2d 1554, 1563 (10th Cir. 1992).

[6] Motion, *supra* note 1, at 4-5.

[7] *See Robinson*, 978 F.2d at 1563.

[8] *United States v. McDonald*, 933 F.2d 1519, 1521-22 (10th Cir. 1991).

[9] *Id.* at 1522; *see* FED. R. EVID. 702.

[10] Motion, *supra* note 1, at 5 (emphasis added).

[11] *See* FED. R. EVID. 702(a).

4. Hernandez asserts that Cox should be prohibited from testifying about drug trafficking "sources" because "it's hard to see how information about 'sources' will help the jury."[12] Because Cox's testimony may help jurors understand why and how drug dealers conceal and transport methamphetamine,[13] it will not be excluded on this basis at this time.

5. Bauer and Cole are, according to Cox, "ordinary policemen" who have not been proffered as experts and "must be prohibited from" offering opinions "based on specialized training" under Fed. R. Evid. 701.[14] Rule 701 allows a lay witness to testify in the form of an opinion if the testimony is: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge . . . ."[15] So long as any opinion testimony that Bauer or Cole may eventually offer complies with these limitations, it will not be excluded under Rule 701.[16]

## ORDER

THEREFORE, IT IS HEREBY ORDERED that the Motion is DENIED without prejudice.

Signed May 7, 2019.

BY THE COURT:

David Nuffer
United States District Judge

---

[12] Motion, *supra* note 1, at 5-6.

[13] *See* Response, *supra* note 1, at 3-4.

[14] Motion, *supra* note 1, at 6.

[15] Fed. R. Evid. 701.

[16] Response, *supra* note 1, at 4.